IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK GREEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 17-2050 |
| ARCELORMITTAL PLATE, LLC, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

In this action, Plaintiff Derrick Green ("Green") asserts claims against his employer, Defendant Arcelormittal Plate, LLC ("Arcelormittal") for employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 et seq., and for failure to grant a reasonable accommodation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"). Before this Court is Arcelormittal's Motion for Summary Judgment in which it requests dismissal of all claims asserted by Green. For the reasons discussed below, the Motion will be granted.

### I.  FACTUAL BACKGROUND

In support of his ADA claim, Green alleges that Arcelormittal failed to provide him with a reasonable accommodation for a knee condition. That condition made it painful for him to operate a specific piece of machinery, called a "Ryman Grinder," that required him to sit with his knees at an acute angle. Pl.'s Br. (Doc. No. 15-7) at 5. He further alleges that Arcelormittal retaliated against him for requesting an accommodation by directing him to engage in cleaning

activities for two days rather than assigning him other tasks not involving the Ryman Grinder that were a part of his normal work.[1]  Id. at 9-11.

It is undisputed that, on April 20, 2014, Green requested that Arcelormittal grant him a restriction from operating the Ryman Grinder because doing so caused him knee pain.  Def.'s Statement of Undisputed Facts (Doc. No. 14-2) ¶¶ 72-73, 81-83 [hereinafter "Def.'s Facts"]; see Pl.'s Resp. to Def.'s Statement of Undisputed Facts (Doc. No. 15) ¶¶ 72-73, 81-83 [hereinafter "Pl.'s Resp. Facts"].  Green presented Arcelormittal with a note from his family practice physician that stated that "[Green] is being followed for knee pain/patellar tendonitis.  He may not be in a prolonged seated position with limited movement of his knees."  Def.'s Facts ¶ 80; Pl.'s Resp. Facts ¶ 80.  Based on that limited evidence and a physical examination of Green's knee, Arcelormittal's outsourced, third-party medical department determined that Green did not need to be restricted from operating the Ryman Grinder.  Def.'s Facts ¶¶ 80-88; Pl.'s Resp. Facts ¶¶ 80-88.  As a result, Arcelormittal did not restrict Green from operating the Ryman Grinder, but did accommodate him by permitting him to "do what he can" and to take breaks to get out and stretch his legs as needed.  Def.'s Facts ¶¶ 103-04; Pl.'s Resp. Facts ¶¶ 103-04.

On May 1, 2014, Green was examined by an orthopedist, who provided him with a note that indicated that Green was experiencing knee pain and "may not be in a prolonged seated position with limited movements of his knees."  Def.'s Facts ¶¶ 139-40, 143; Pl.'s Resp. Facts ¶¶ 139-40.  Upon receiving the note and learning that an orthopedist had recommended that Green obtain an MRI of his knees, Arcelormittal's medical provider granted Green a temporary

---

[1]  Green argues in his opposition to Arcelormittal's Motion that Arcelormittal retaliated against him for having asked for an accommodation.  Pl.'s Br. at 9-11.  His Complaint does not state a claim for retaliation under the ADA.  Nevertheless, because such a claim would not prevail for the same reasons that his Title VII retaliation claim fails—including that Green has not presented any evidence of an adverse employment action that could serve as a basis for a retaliation claim—this Court will address the claim on its merits.

restriction from working on the Ryman Grinder. Def.'s Facts ¶¶ 143-44; see Pl.'s Resp. Facts ¶¶ 143-44.

Arcelormittal set its work schedule on a weekly basis in accordance with specific rules set out in its union contract and it tried not to change the schedule once it had been posted because of potential ramifications, including union complaints and possible overtime requirements. Pl.'s Br. Ex. D, at 164-65. Green's supervisor testified that Arcelormittal had no need for another person to perform hand grinding work on May 1 or 2, 2014. Pl.'s Br. Ex. F, at 96-97. For those two remaining days on Arcelormittal's weekly schedule of employee assignments, Arcelormittal directed Green to engage in housecleaning tasks. Def.'s Facts ¶¶ 156-72; see Pl.'s Resp. Facts ¶¶ 156-72. Arcelormittal's personnel viewed that assignment as a way to ensure that Green could continue to work and be paid during the rest of the week. See Def.'s Br. Ex. D, at 162, 165; Ex. F, at 98-99. Although housekeeping was a level one position, Arcelormittal paid Green his higher level-two salary for the two days during which he performed housekeeping tasks. Id. Ex. B ¶ 11. Green considered that assignment to be punishment and contends that he could have been assigned other work within his normal set of skilled tasks. See Pl.'s Br. at 9-11. The following week, Arcelormittal allowed Green to return to performing his normal skilled tasks other than operating the Ryman Grinder, and he was never asked to operate the Ryman Grinder again. Def.'s Facts ¶¶ 184-86; Pl.'s Resp. Facts ¶¶ 184-86.

## II. SUMMARY JUDGMENT STANDARD

Under the well-established summary judgment standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Williams v. Wells Fargo Bank, No. 14-2345, 2015 WL 1573745, at *3 (E.D. Pa. Apr. 9, 2015) (quoting Wright v. Corning, 679 F.3d 101, 105 (3d Cir. 2012)).

> [T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his or] her case with respect to which [he or] she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"By its very terms, this standard [that there be no genuine issue as to any material fact] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A material fact is one that "might affect the outcome of the suit under the governing law." Id. at 248.

When ruling on a motion for summary judgment, the court shall consider facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 538 (3d Cir. 2006). To prevail on summary judgment, however, "the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-moving party].'" Burton v. Teleflex Inc., 707 F.3d 417, 425 (3d Cir. 2013)

(quoting Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)); see also Anderson, 477 U.S. at 252.

## III. DISCUSSION

### A. Arcelormittal is Entitled to Summary Judgment on Green's ADA Claims

ADA discrimination claims are subject to the three-step burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). A plaintiff 's initial burden is to establish a prima facie case by showing that "'(1) he [or she] is a disabled person within the meaning of the ADA; (2) he [or she] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he [or she] has suffered an otherwise adverse employment decision as a result of discrimination.'" Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004) (quoting Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999)). "Discrimination under the ADA encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." Id. (citing 42 U.S.C. § 12112(b)(5)(A)). If a plaintiff successfully establishes a prima facie case, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its decision. McDonnell Douglas, 411 U.S. at 802. If the defendant succeeds, the burden returns to the plaintiff to show that the employer's stated reason for termination was merely a pretext for intentional discrimination. Id. at 804.

"'[I]n order to establish a prima facie case of illegal retaliation under the anti-discrimination statutes, a plaintiff must show: '(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's

5

adverse action.'" Williams, 380 F.3d at 759 (quoting Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567-68 (3d Cir. 2002)). Unlike for an ADA discrimination claim, for an ADA retaliation claim, a plaintiff need not show that he or she is "disabled" within the meaning of the ADA. Id. It is sufficient that the plaintiff show that he or she had a reasonable, good-faith belief that he or she was entitled to request a reasonable accommodation. Id. at 759 n.2.

Applying these standards to Green's ADA claims, it is evident that those claims fail for several independently-sufficient reasons. With respect to his ADA discrimination claim, Green does not qualify as a disabled person for ADA purposes because he has provided no evidence that he had an impairment that "substantially limit[ed] one or more of his major life activities." 42 U.S.C. § 12102(1). It is Green's burden to show that he was "'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.' An 'inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.'" Olson v. Gen. Elec. Astrospace, 101 F.3d 947, 952 (3d Cir. 1996) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). Green testified that the only limitation his knee condition caused was his inability to sit for prolonged periods of time in the Ryman Grinder in a position where his knees were bent at an acute angle. Def.'s Facts ¶ 70; Pl.'s Resp. Facts ¶ 70; Pl.'s Br. Ex A, at 34. The inability to perform a single task out of his various job tasks does not establish a disability. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 491-92 (1999); Tice v. Centre Area Transp. Auth., 247 F.3d 506, 512-13 (3d Cir. 2001).

Green's contention underlying both his ADA discrimination and retaliation claims that Arcelormittal failed to grant him a reasonable accommodation also lacks merit. He only asserts that it took Arcelormittal seven days from the time he first requested an accommodation—and

only two days from the date on which he presented reasonable documentation that he might have a need for such an accommodation—to assign him to his normal work other than operating the Ryman Grinder. Such a short delay in granting an accommodation is insufficient, as a matter of law, to establish a failure to accommodate claim. Velazquez v. ES2 York LLC, No. 14-866, 2015 WL 6735647, at *23 (M.D. Pa. Nov. 4, 2015); Hudson v. Guardsmark, LLC, No. 4:12-CV-1255, 2013 WL 6150776, at *11 (M.D. Pa. Nov. 22, 2013) (collecting cases).

Green's ADA retaliation claim also fails because he has not shown that he suffered an adverse employment action in retaliation for requesting an accommodation sufficient to support such a claim. A two-day assignment to undesirable work with no reduction in pay is not sufficiently adverse to support a claim. See Heasley v. EchoStar Satellite L.L.C., No. 8-261, 2009 WL 1457733, at *6 (W.D. Pa. May 22, 2009); Ferguson v. E.I. DuPont de Nemours & Co., 560 F. Supp. 1172, 1201 (D. Del. 1983). Green further argues that Arcelormittal retaliated against him because, on April 30, 2014, Arcelormittal sent him home and docked him four hours' pay because he refused to operate the Ryman Grinder. This event occurred before Arcelormittal received the note from Green's orthopedist and before its medical department granted him a medical restriction against operating the Ryman Grinder. See Pl.'s Br. at 8; Def.'s Facts ¶¶ 115-20, 125-28, 139-49; Pl.'s Resp. Facts ¶¶ 115-20, 125-28, 139-49. However, Arcelormittal subsequently withdrew the related disciplinary note from Green's file and paid him for the four hours. Def.'s Facts ¶ 200; Pl.'s Resp. Facts ¶ 200. Where, as here, disciplinary action is withdrawn and the plaintiff can offer no evidence that he or she suffered the loss of any tangible benefit from the withdrawn action, that action is not an adverse employment action sufficient to support a claim for discrimination or retaliation. Lewis v. Bell Atlantic/Verizon,

No. 02-1016, 2008 WL 4115544, at *5 (E.D. Pa. Aug. 28, 2008), aff'd, 321 F. App'x 217 (3d Cir. 2009); see Young v. St. James Mngmt. Co., 749 F. Supp. 2d 281, 296-97 (E.D. Pa. 2010).

In addition, Green alleges that Arcelormittal took adverse action against him in 2017. Pl.'s Br. at 10, 12. However, because he failed to raise claims based on those actions before the Equal Employment Opportunity Commission (the "EEOC"), see Def.'s Br. Ex. AA, and he has offered no basis to believe that the EEOC investigation of the 2017 charges could "'reasonably be expected to grow out of'" the EEOC's investigation of the single two-day incident in 2014 that he did raise in his charge of discrimination, he cannot rely on those events in this action. Barzanty v. Verizon PA, Inc., 361 F. App'x 411, 414 (3d Cir. 2010) (quoting Hicks v. ABT Assoc., 572 F.2d 960, 966 (3d Cir. 1978)).

> **B.     Arcelormittal is Entitled to Summary Judgment on Green's Title VII Claims**

Green's race discrimination and retaliation claims fail because, as with his claim under the ADA, he cannot establish that he suffered an adverse employment action. Furthermore, Green cannot meet the requirement that he establish that his alleged adverse employment action occurred "under circumstances that could give rise to an inference of intentional discrimination," McDonnell Douglas Corp., 411 U.S. at 802, because he has provided nothing more than his own vague allegations that African-American employees were treated differently than white employees. See Pl.'s Br. Ex. 1, at 315-20. Nor has Green provided any evidence sufficient to establish that Arcelormittal's stated basis for requiring him to perform maintenance for two days until the next work schedule was issued was pretextual. See Keller v. Orix Credit All., Inc., 130 F.3d 1101, 1108-09 (3d Cir. 1997) ("[T]he nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them

unworthy of credence." (quoting Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994))). "To prevail on summary judgment, the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the [non-moving party]." Burton, 707 F.3d at 425 (internal quotation marks omitted). Failure to establish a genuine issue of material fact regarding elements of a claim for which a plaintiff bears the burden of proof renders a complaint subject to summary judgment. Celotex, 477 U.S. at, 322-23).

## IV. CONCLUSION

For the reasons discussed above, Green has failed to raise a genuine issue of material fact regarding whether he can meet his evidentiary burden to establish discrimination or retaliation based on either his request for an accommodation or on race. Consequently, Arcelormittal is entitled to summary judgment. An appropriate Order follows.

Dated: February 12, 2018

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE